**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ARTHUR KIRBY, # N-54069** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-502-MJR** |
| | ) | |
| **UNKNOWN PARTY EYE DOCTOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is again before the Court for case management. This case was severed from Plaintiff's original action (*Kirby v. Spiller, et al.*, Case No. 15-cv-384-SMY-PMF) on May 4, 2015, because it raised a distinct and unrelated claim against the Defendant Eye Doctor (Doc. 1). Plaintiff was given the option to voluntarily dismiss this severed case, but he did not do so (Doc. 5). Thereafter, he was ordered to either submit a motion to substitute party, which would identify the unknown Eye Doctor Defendant by name, or to submit an amended complaint identifying this party, in which he could elaborate on his factual allegations regarding his claim(s) against the Unknown Party Eye Doctor (Doc. 5). Plaintiff had the option to choose either a motion to substitute party or an amended complaint, because the original complaint was sufficient to state a claim. However, service could not proceed until the Unknown Defendant was identified. Plaintiff was provided with a blank civil rights complaint form, and the order contained instructions on drafting an amended complaint, if he were to choose that option.

Plaintiff was given a 60-day deadline (to August 31, 2015) in which to take one of the actions above in order to prosecute this case. This August 31, 2015, deadline has come and

gone, and Plaintiff has failed to respond in any way.  This action is therefore subject to dismissal for failure to prosecute.

IT IS HEREBY ORDERED that this action is **DISMISSED with prejudice** for failure to prosecute.  FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp*., 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline

cannot be extended.

**IT IS SO ORDERED.**

**DATED: October 21, 2015**

s/ MICHAEL J. REAGAN
Chief United States District Judge